All right, if the clerk could call the next case. 1036-85, Superintendent Bernard Crockett. How you doing? I'll let you know. May it please the court. Good morning, Presiding Justice and Justices of the 6th Division of the Illinois Appellate Court, 1st District. Can I stop you all for a second? It's just a joy to see two people who practiced in front of me. Just a joy to see both of you. It certainly is my pleasure and great honor. It really is. And was opposed against both of you also, as you may recall. And we're still standing. Thank you for your state. It's a pleasure, Mr. Doherty. My great pleasure. Dennis Doherty on behalf of Bernard Crockett. I'm grateful for the privilege of addressing this honorable court. Mr. Crockett was convicted in a jury trial of first-degree murder and attempted armed robbery. Judge Pantley was the trial judge. Chester Slaughter was the trial attorney. The sentence was 42 years for murder and 10 years consecutive for attempted armed robbery. I did the first appeal also. And the first attack in the first appeal was that the defendant's conviction for attempted armed robbery should be reversed, or had to be reversed, because the corpus telecti cannot be proved by confession alone. That is a peculiar rule of law in Illinois. That's not a federal constitutional rule. That should have happened when the state rested its case. But it didn't happen. I think we're going to have to go a little bit faster. And let me just say this. We know the posture of the case. We know that it was on the first appeal. And on the first appeal, the attempt armed robbery was reversed and remanded for resentencing. Let me just ask you a question there. On that first appeal, when you moved that the attempt armed robbery be convicted, I'm sorry, be reversed, you could have also challenged at that time the sufficiency of the evidence to convict the defendant of felony murder or intentional or knowing murder at that time. Indeed. But my perception of the order of events, and I must interject this, I'm just not sophisticated enough to create some kind of vile strategy that maybe we'll lay in the weeds and then attack the murderer when everybody's asleep. We'll wait on this. So you're talking about an event that hadn't occurred yet. That's why you didn't attack him. Exactly. But the perception, my perception is we have an improper judgment here. We have, and that was the holding of this Honorable Court. We remand for resentencing on first degree murder conviction, this original holding, as we cannot conclude based upon a review of the records that the murderous sentence was not influenced by the improper attempted armed robbery conviction. Counsel, we are well aware of that. But what we would like to hear is this. Since that has been reversed, now we're talking about the sufficiency of the evidence. So isn't the confession sufficient enough for the murder conviction? Well, we're arguing that. Tell us why not. Because, as I argued in point one of my brief before this court, there is really nothing. We had an accountability confession of the plan that he plotted an attempted armed robbery. He testified at trial, and he just went over there, socialized, and he got an argument, and this guy pulled a gun, and that if the attempted armed robbery is reversed, there's just no evidence whatsoever of accountability for murder. There's no proof whatsoever, of course, that he's a principal. How about the confession? The confession is not a confession to a murderer. The original confession was that he plotted an armed robbery with this fellow, and they went over there. Well, isn't that sufficient enough? If he plotted an armed robbery and somebody gets killed, that he would also be responsible? I really found no cases following this particular fact pattern, and my request is that the court consider the reasonable doubt argument here. What we have in Your Honor's second decision is that the reasonable doubt of sufficiency evidence was not before the court. When the original decision remanded for resentencing, the sentence in a criminal case is the judgment. So it was, and it says we cannot conclude that the judge was not influenced by the, quote, improper attempted armed robbery conviction. That was my perception of the order. This shouldn't be in here. There's no attempted armed robbery. It was only a confession of that. So we're going to start all over again with a new judgment. Now, let's say that the state's attorney knew. Can I interrupt for one second? I'm going to have to leave for a minute, but I'm going to listen to the tapes of the argument.  Thank you very much, Your Honor. I appreciate Your Honor's time. Let's say that before, and you can tell me if this is not a good scenario, but let's say that it started this whole thing when they indicted Mr. Crockett. They called Mr. Spalberg on the phone, and they talked it over with him, and he said, you know what, there's no corpus delicti for the armed robberies, so don't charge it. But you can still charge them with murder. And so they charge them with murder. All three ways. All three ways. Thank you, Justice Minkin. And they charge them by way of accountability. Can't the conviction still stand? I mean, does there have to be an armed robbery charge or an attempted armed robbery charge? No, my limited concern in this petition for you hearing, Your Honors, is that the court consider the reasonable sufficiency of the evidence argued. And my understanding of the ruling was that the court said the issue is not before us. And that precludes any further review. Well, let's say that we – I think that what Justice Gordon did was he opened the door for you to talk about the sufficiency of the evidence. And it's in your brief. So let me just ask you this. Let's say we accept your position that you're not foreclosed. Let's say we accept your position that you're not foreclosed because this is the second appeal, albeit still a direct appeal. And we say, okay, let's get into it. Let's get into the sufficiency of the evidence, okay? You know, there's a confession in which Mr. Crockett allegedly says that he participated in the planning of an armed robbery. He secured the assistance of a confederate. He put a plan together. He arranged it so that his confederate could have access. They had a signal. He gave the signal. And the thing went awry, okay? Now, you said Mr. Crockett testified he just went over there and socialized. That's for the jury to parcel out, isn't it? So my question is, isn't, you know, isn't in the standard of review with regard to the jury's decision is somewhat deferential. Wouldn't you say? Was there any rational trier effect that could combine the elements of the offense beyond the reason? I certainly must concede that. And if you'll take a look at the state's excellent brief in response to my petition for re-hearing, they make out a rather more compelling reason why he could be held accountable for a murder. I don't do this as not making an admission on behalf of Mr. Crockett, but my concern is that the court had not even considered the reasonable doubt argument saying it's not before us, then he can't raise this in the Illinois Supreme Court, United States Supreme Court, federal habeas, Seventh Circuit, or, again, the United States Supreme Court. So let me just ask you this. I think I'm understanding what you're saying, counsel, that even if we believe and continue to adhere to the rule that he only gets one bite at the apple on a direct appeal to raise the sufficiency of the evidence argument when he hasn't raised it in the trial court, if we say that and say, but we're going to consider it anyway and address the reasonable doubt argument, then that's really what you want. I can still lose. Yes, you can still lose. Well, tell us why you don't lose, then. Well... I mean, let's say you win number one. He said I was in an attempted armed robbery, and this is in an oral confession, of course, one of several multiple statements. He went over to do that, and the lady was killed, the girl was killed during the course of that event, testifying contrary to trial. If the attempted armed robbery conviction was improper because it was only by confession alone, how can you utilize that confession to prove accountability for a murder? I did not find an Illinois case on that ever. I mean, the Cocorelius cases where they were killing prostitutes and burying them, and then they confess, and they dig them up, they say, we raped and murdered them, there's no evidence of the rape because it's a skeleton, but certainly there's evidence of corpus electi of a murder because you have a dead body there and a confession. You don't have an accountability if it's a felony murder where the felony, the predicate felony is out the window, which was never proven itself and only by confession. What's left for the murderer? I take out everything in the attempted robbery and the confession. I don't speak for the state, but they talk about multiple inconsistent statements, which I've seen convictions affirmed alone on that. If you've got a dead body found in your bedroom, you make 20 different statements about it. I've seen murder convictions with circumstantial evidence affirmed on those circumstances. I don't think it exists here, but I'm asking the court to consider it. I think there is nothing whatsoever to prove accountability for murder other than he was plotting the robbery with this guy. Isn't that enough? But not if the robbery should not exist. In the first hypothetical that Justice Palmer gave, I'm sorry, in the first hypothetical he gave, the state didn't even have to charge the attempt armed robbery. So the fact that the attempt armed robbery goes out does not mean that his statement still isn't relevant to the issue of murder, intentional murder, knowing murder, strong probability of murder, even I think felony murder. There were no cases presented that said just because the underlying felony is not proven that a person cannot be convicted of felony murder. As the devil's advocate, I agree with your honor, indeed. This may be a case of first impression. I didn't want to make that leap, but I did not find an accountability murder case where a felony murder, where the predicate felony was reversed for lack of a corpus delicti. Is all the rest of the evidence sufficient to prove accountability for murder? They certainly can't turn it into a principle. There's no evidence of that. We'd have to rely on his original confession. Well, can't we find support for that, though, in the common design rule cases where, you know, actually I don't want to say the facts of this case, but where you have that situation where a couple people plan a robbery and they go to the place and they go to do the robbery, but things jump off the wrong way and there's no robbery, the robbery doesn't occur, but somebody gets killed. I mean, isn't that just your basic common design rule scenario? I could, indeed, come up with, I could write an opinion, I believe, finding sufficient evidence to hold this gentleman accountable for murder, even though the predicate felony was reversed for a lack of a corpus delicti. It doesn't take a lot. And I don't concede that, of course. But my concern is that the court did not consider the issue, saying it's not before the court. Very briefly, Your Honor, the controlling law in these not-so-typical circumstances, and I shepherdized the cases in reverse. It began with people versus ENOC, E-N-O-C-H. Page 19 of my rehearing brief, the appellate court held, sufficiency of the evidence is, quote, one of the three exceptions to the waiver rule in criminal cases. And there's other cases in there. You don't even have to object to trial. You don't have to do a post-trial motion. I read a case once, but I couldn't find it, where they raised reasonable doubt for the first time in the Illinois Supreme Court. But in any event, I don't have that here before me. So the court can consider it. I can't waive it. And that's why I cited that Fisher case, which happened to be Mr. Roddy's case. I mentioned it to him, where there was an appeal from the industrial commission, the circuit court, a remand for some reason. Then they participated in another hearing, and it went back to a second appeal in circuit court, and they waived subject matter. Somebody raised subject matter of jurisdiction. I suppose he had to leave there. And that rule being, if not raised in the first appeal, can't be raised in the second appeal. The appellate court, this court, said, you can't waive subject matter of jurisdiction. It doesn't matter if they didn't raise it below. It doesn't matter if they didn't raise it in the first appeal. So you can't waive reasonable doubt. But here I didn't purposefully waive it. And I don't think that's implicit in the original opinion, because it was an improper judgment. And a judgment had an improper conviction included in it and a sentence tacked on. And therefore, that was excluded. We start all over again. We got a new judgment. Filed a post-trial motion. Insufficiency of the evidence. Reasonable doubt. Didn't even have to do that, really, to raise it on appeal. To get to Your Honor's concern, is there sufficient evidence of accountability for murder? There is a case where some guy was upheld. Some guy ran into a bar and stuck a pistol in the bartender's face. The guy at the end of the bar said, shoot him. And the guy shot him. And the guy at the end of the bar was held accountable. There was a felony murder case where somebody did burglary. A high-rise building walked in and the poor victim jumped out the window and was so scared. And the murder was affirmed. So, of course, those are principal cases. But I ask that Your Honors consider the sufficiency of the evidence. That's my first humble request. I'm speaking half-deaf. Okay. How Your Honors rule, I cannot control, obviously. But we put in writing, I don't think there is anything other than the admissions that he's participating in a robbery sufficient to convict him of murder. And with the reversal of the attempt on robbery, those admissions to robbery should not be considered. And the murder should also be reversed. But I ask Your Honors to consider the sufficiency of the evidence. Thank you very much for your time. Thank you, Counsel. May it please the Court. Counsel. I'm Assistant State's Attorney Jeff Allen on behalf of the people of the State of Illinois. We ask this Court to affirm for the third time the murder conviction of Bernard Crockett. This Court got it right in the Crockett II decision that in sending the case back to the trial court initially for resentencing, and the mandate that was sent to that trial court limited the scope of what counsel could raise on his appeal. Because it limits the jurisdiction of what can be considered by this Court. Counsel could have raised it in his initial appeal, an attack on the proof of the murder itself. But he chose not to. Illinois courts, starting with Partee and going all the way down, have frowned upon taking a second bite of the appellate apple. Allowing defendant to raise this now in his second direct appeal is doing just that. Allowing him to take a second bite of that apple. And it is inviting piecemeal litigation. First an initial attack on a corpus delicti of the underlying felony. Then resentencing. Then now a new attack, a second attack. The State cites to People v. Young, which is a First District case from the 80s. It was a murder case and it was an armed robbery case. On the initial appeal, the defense attacked the sentence for the murder only. This Court agreed. Sent it back down to the trial court for a resentencing. The resentencing happened and then on the second appeal, the second direct appeal, the defense for the first time attacked the sentence on the armed robbery. And this Court said, no, no, no. You cannot do that. You have waived it by not raising it in your first appeal. Not a traditional waiver like counsel points out and Justice Gordon cited to in the number of his cases. Not the traditional waiver from the trial court level, but an appellate court waiver. By not raising it in your first appeal, you have waived it. Well, let me ask you this. What if circumstances change, though? And I think that's what one of Justice Gordon's points was in his, I think it was a special concurrence. You know, when the case goes up the first time, there's a armed robbery conviction and a felony murder is one of the three prongs of murder that's been put before the jury and there's a general verdict for them. And so Mr. Daugherty is faced with the situation where, you know, he's looking at whether or not he's going to raise the sufficiency of the evidence and he sees that, well, you know, there's a confession that says, well, I intended to commit an armed robbery. And so Daugherty says, let's say Daugherty says, well, you know, I'm not going to raise the sufficiency of the evidence because it's pretty clear that this was a felony murder, so I'm going to skip that. Then this panel, or I don't remember if this panel, a panel of the appellate court says no. Thank you. This court, I should say, throws out the felony murder. So isn't Mr. Daugherty now faced with a different scenario? Because now he can ignore the felony murder and just argue the sufficiency of the evidence of knowing an intentional murder. And so I'm just wondering if there's a way to look at this differently to say. It sounds like a strategic decision you're saying. It sounds like a second bite at the apple argument. Well, I'm just asking. That argument certainly can be made back the other way. But I'm just saying, is Daugherty, Mr. Daugherty, in a different position because we've thrown out the felony murder? And so now would it really be a second bite at the apple because he didn't have the opportunity the first time because there was that felony murder laying out there? And I think that's what Justice Gordon was saying. Okay. I'll answer that in two different ways, Your Honor. First off, again, he could have raised it as an alternative argument in his first appeal. He could have said, once you find this, then this. Once you find that the corpus delicti rule invalidates that attempt on robbery conviction, then you should send this back for a new trial or whatever. This panel, any court in Illinois that follows the Illinois Supreme Court in Morgan and Davis with the one good count doctrine based on the facts that were before this court, based on the intentional knowing and felony murder, the general verdict form that was not objected to, would have answered that question form on that direct appeal. And that they would have assumed that once the felony murder conviction, the underlying felony conviction for the, let me rephrase that, once the underlying conviction for the felony murder was found for whatever reason to be infirm and there was a general verdict form, this court is to assume that the verdict, based on that general verdict, was the intentional murder in this case. And it would have been answered. And it would have prevented this second bite of the apple. But instead, only the corpus delicti as to the attempt on robbery was presented to this court and attacked on the conviction, on the first appeal in the Crockett one. So jurisdictionally, to prevent a procedural loophole once these cases get sent back for resentencing, our first argument is that it's not properly before this court. But if this court wants to look at the underlying proof for the remaining murder counts, let's look at it. Because in this case, the proof of murder, with or without felony murder, is overwhelming. This court is well aware of the law of accountability, which states that either a person is legally responsible for another person's actions when either before or during the commission of the offense, and with the intent to promote or facilitate the offense, he solicits aides, agrees to aid in the planning or commission of the offense. Common design rule that Justice Palmer pointed out combines together with that. And I'm going to get back to one of Justice Palmer's points. Actually, Mr. Doherty made the point as well, that once the corpus delecti doctrine was applied to this confession to a robbery, that somehow it attacks the underlying confession for the murder. In other words, he's trying to use the corpus delecti to somehow strike out portions of his confession. Once we've attacked the attempt armed robbery and found that the corpus delecti rule has been violated here, we should somehow just scratch out any part of the confession. That's not what's before this court. That's what I asked. If there's a case that says just because it goes out for the attempt, why does it go out for the murder? It absolutely does not go out for the murder. In fact, based on the standard of review, where all, where on the standard of review, when you apply it, you are to assume that all, let me rephrase that, when you apply the standard of review to the confession, that in viewing the evidence in the light most favorable to the state, you don't throw it out. You look at the confession as if that was what happened. And Bernard Crockett participated in both the planning and the commission. He was involved before and during this event. He picked Ronald Lamar for the one reason. Ronald Lamar had a gun. He knew that his part-time pregnant girlfriend wouldn't give up the $650 that he thought she was holding for someone else unless she was confronted with a gun. On the day, the Tuesday, January 20th, when they went to do this robbery of his girlfriend, he made sure that the gun was working. He got the gun. They went there under this ruse to get in there. And in all of this planning, both before, during, and being involved before and during the commission of this crime, he is accountable for the actions of Ronald Lamar, as if he was holding that gun, pointing it at Jasmine Robinson, her putting her hand up in defense, shooting through her hand, and shooting her in the head and the back multiple times. The corpus delicti, successful challenge to the attempt on robbery, in no way invalidates the confession. The standard of review in this case, in the light most favorable to the state, the evidence of the murder is based on accountability principles, and the common design rule is overwhelming. And really, when you look at the specifics of what happened and what was planned and what the defendant did after this murder, you could even say that the intent was to kill her all along. When you look at the fact that the plan was to get her down in the basement and to turn the music up real loud so that no one could hear, when you look to the fact that the plan, there was no explanation given by him as to how he would conceal his identity, and you look to his mutinous until confronted with a second broken alibi before he told the truth, the reasonable inference is that they went there to murder her. Tell the statement that if I intended to kill her or if I killed her, I wouldn't. You'd have to prove it. You'd have to prove it. And justices, the state did prove it, and the jury was properly instructed and the jury properly found Bernard Crockett guilty of the first-degree murder of Jasmine Robinson. So based on, are there any further questions? Based on my arguments and based on the arguments in all three of our briefs, we ask you to affirm the murder convictions of Bernard Crockett. Thank you. Mr. Doherty. Briefly? Yes, sir. I think Justice Gordon was indeed correct in his special concurring opinion. We should be able to raise this issue, the sufficiency of the evidence. The Young case, relied upon by the prosecution, it was a sentencing issue. Whether you could attach an extended term for the first time or second appeal, that's waived, that's a second bite at the appellate apple. You cannot waive the sufficiency of the evidence because it's an exception to the waiver rule. In ENOC, even if it's something that's- Can I ask you one question? Yes, ma'am. Because you just made me think of something. In terms of the waiver of sufficiency of the evidence, the cases that I've seen only deal with the trial level and the post-trial level issue of waiver. I have not seen a case that says once you've had an appeal and didn't raise it, that you have another opportunity to raise it. Do you have a case that says that? Because I think that's the way Justice Gordon is reading, King, and I don't read it that way. Indeed. I've seen a such case. So it could be a case of first impression, and I certainly look for such a scenario. And I look for a case I thought was someone raised it for the first time in the Illinois Supreme Court, and I couldn't find that. But I don't think this is a- I just want to interrupt for one second. For the State, even though you're not up here, did you find a case that said anything like that? The Young case was the closest one I could find, Your Honor. And that's not sufficiency evidence. But in my perception, this is not really a second appeal. The first appeal, this honorable court said this judgment is influenced by an improper judgment, an improper conviction. It shouldn't be here. Send it back. For a new sentencing, that means a new judgment. So we start all over again because there's no judgment in a criminal case until there's a sentence. So the case then is considered as it should have been considered for the first time. Chester Slaughter should argue this point at the close of the State's case. Hey, you can't prove this. It was just a confession. Thing goes out. What if the jury returned a verdict here? Based on- without the directed verdict, what if the jury came in and said, well, not guilty of attempted armed robbery, but guilty of murder? Is it automatically reversed? No, I don't think so. But we can't waive it even if, and I don't think it's a reasonable interpretation, even if I somehow had some wild, devious strategy to lay in the weeds and beat this murderer on a second appeal for the first time, I'm not that good, I'd get away with it because I can't waive reasonable guilt. But on these facts, it wasn't waived because it's an exception to the waiver rule. On page 21 of the hearing brief, Your Honor, Justice Palmer did, there is that rule, the second by the D'Apple rule doesn't apply where the facts have changed and it requires a different interpretation. So the facts have changed because now we have a judgment that does not include an improper conviction. And it was my very great pleasure to be before Your Honor. Thank you. It was very pleasant to see both of you. We're going to stand and recess. We'll certainly take the cases under advisement. Thank you very much.